**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **TEKEVA D. SHAW,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:24-cv-02459-MSN-atc** |
| | ) | |
| **KFC (TASTY CHICKEN),** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPORT AND RECOMMENDATION TO DISMISS FOR FAILURE TO PROSECUTE**

Before the Court by Order of Reference is Defendant Tasty Chick'n Midwest, LLC d/b/a KFC's ("KFC") Motion for Summary Judgment or in the Alternative, to Dismiss Pursuant to Fed. R. Civ. P. 41(b), filed on April 17, 2026. (ECF Nos. 28–30.) In addition to moving for summary judgment on the merits of Plaintiff Tekeva D. Shaw's claims, KFC maintains that Shaw has "effectively abandoned her case" by failing to respond to communication from KFC's counsel, participate in mediation, appear for her deposition, and keep her contact information current. (ECF No. 29, at 2.) KFC thus asks for dismissal under Rule 41(b) in addition to Rule 56.

For the reasons set forth below, it is recommended that this case be dismissed without prejudice for failure to prosecute, pursuant to Rule 41(b).

**PROPOSED FINDINGS OF FACT**

Pursuant to the Scheduling Order, the parties' original deadline to complete mediation was November 14, 2025. (ECF No. 19.) When the original court-appointed mediator was no

longer available to conduct mediation (ECF No. 22),[1] the Court appointed a new mediator and extended the mediation deadline to February 13, 2026 (ECF No. 23).[2] In that Order, Shaw was ordered to "be responsive to counsel for KFC in the future and is warned that failure to do so may result in sanctions, up to and including dismissal of this case." (*Id.* at 1.)[3]

KFC filed its Motion for Summary Judgment on April 17, 2026. When Shaw failed to respond, the Court entered an Order to Show Cause on August 6, 2026, requiring her to show cause "on or before August 20, 2026, as to why the Motion should not be granted and to otherwise respond to the Motion. Failure to respond to this Order to Show Cause and to respond to the Motion may result in the Motion being granted and dismissal of this case." (ECF No. 31, at 2.) Shaw has failed to respond to either the Motion or the Order, and her deadline to do so has passed.

In its Motion, KFC discusses Shaw's failure to participate in this case:

> Plaintiff has failed to: (1) respond to any of Defendant's written discovery; (2) make herself available for or attend her deposition; (3) participate in court-ordered mediation by the February 13, 2026 deadline; (4) respond to any communication from Defendant's counsel since at least November 2025; (5) update the Court or Defendant with a current mailing address; and (6) file any document with the Court since the inception of this case.

(ECF No. 29, at 6.) [4]

---

[1] KFC's motion explained that counsel had been unable to consult with Shaw, despite multiple phone calls and emails that went unanswered. (*Id.* at 3.)

[2] The Court's Order was returned as undeliverable to the address Shaw provided when filing this case. (ECF No. 25.)

[3] The Show Cause Order was likewise returned as undeliverable. (ECF No. 32.)

[4] In the November 15, 2024 Report and Recommendation and Order to Issue Process, Shaw was ordered, among other things, to "promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice." (ECF No. 8, at 6.)

Shaw has thus failed to take any action in this case since November 2025 at the latest, despite attempts from KFC's counsel to move the case forward and multiple warnings from the Court that her failure to do so may result in dismissal for failure to prosecute.

**PROPOSED CONCLUSIONS OF LAW**

Rule 41(b) provides for the involuntary dismissal of a complaint where the plaintiff has failed to prosecute and/or to comply with the Federal Rules of Civil Procedure or court orders. The rule provides that, "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). "Although the language of Rule 41(b) appears to require a motion by the defendant, the Supreme Court has recognized that the 'district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute.'" *Marchand v. Smith & Nephew*, No. 11-cv-2621-STA-cgc, 2013 WL 6780559, at *2 (W.D. Tenn. Dec. 19, 2013) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48 (1991)).

Rule 41(b) "allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties." *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). The Rule "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing

parties." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.* (quoting *Knoll*, 176 F.3d at 363).

In determining whether to dismiss an action under Rule 41(b), courts consider four factors, none of which are dispositive standing alone:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Carpenter*, 723 F.3d at 704 (quotation omitted). Ultimately, dismissal under Rule 41(b) is warranted where the plaintiff exhibits a "clear record of delay or contumacious conduct" and "is inexcusably unprepared to prosecute the case." *Shavers*, 516 F. App'x at 570 (citations and internal quotation marks omitted). These "'controlling standards should be greatly relaxed' for Rule 41(b) dismissals without prejudice where 'the dismissed party is ultimately not irrevocably deprived of his [or her] day in court.'" *Wilson v. Shelby Cnty. Div. of Corr.*, No. 2:20-cv-02385-TLP-tmp, 2021 WL 1148221, at *1 (W.D. Tenn. Mar. 25, 2021) (quoting *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 556 (6th Cir. 2004)).

Evaluating these four factors reveals that dismissal of Shaw's case is the only appropriate sanction. As to the first factor, "[w]illfulness, bad faith, or fault is demonstrated when a plaintiff's conduct evidences 'either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.'" *Shavers*, 516 F. App'x at 570 (quoting *Schafer*, 529 F.3d at 737); *see also Gibson v. Solideal USA, Inc.*, 489 F. App'x 24, 31–32 (6th Cir. 2012) (citing *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011)) (holding that

bad faith exists when a party delays or disrupts the litigation or hampers the enforcement of a court order). Shaw has repeatedly demonstrated a reckless disregard for the effect of her conduct on the proceedings before this Court, first by refusing to communicate with counsel for KFC relating to discovery and mediation, and second by failing to respond to multiple warnings from the Court. (ECF Nos. 23, 28–31.) She has also failed to keep the Clerk apprised of her current mailing address and contact information as required. (ECF Nos. 8, 25, 32.) Shaw's failure to prosecute this lawsuit has resulted in multiple delays and disruptions to both this Court and KFC. Based on Shaw's failure to engage in the fundamental elements of litigation required by the Local and Federal Rules, as well as her disregard of this Court's Orders, the first factor is more than satisfied, favoring dismissal.

Regarding the second factor, "[a] defendant is 'prejudiced by the plaintiff's conduct where the defendant waste[s] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Wright v. City of Germantown, Tenn.*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (quoting *Shavers*, 516 F. App'x at 570). As described above, KFC suffered prejudice through Shaw's failure to respond to counsel's communications or participate at all in discovery, culminating in its Motion for Summary Judgment that is based, in part, on Shaw's failure to prosecute her case. *See Lacey v. Wells Fargo, N.A.*, No. 2:14-cv-02091-SHL-tmp, 2014 WL 7338878, at *3 (W.D. Tenn. Dec. 22, 2014) (explaining that "defendants have suffered prejudice as they have retained counsel and expended the cost of attending the multiple scheduled show cause hearings and scheduling conferences, which Plaintiffs failed to attend"). And then Shaw failed to respond to the August 6th Order to Show Cause, further illustrating a lack of good faith by Shaw and a waste of money and effort for KFC. KFC has been prejudiced by Shaw's conduct, supporting dismissal.

The third factor—prior notice, or the lack thereof—is a key consideration in determining whether dismissal under Rule 41(b) is warranted. *Schafer*, 529 F.3d at 737 (citing *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)). This factor clearly supports dismissal, as Shaw was expressly and unambiguously warned on multiple occasions that failure to respond and participate in this case may result in dismissal for failure to prosecute.

The fourth factor does not require the Court "to incant a litany of the available lesser sanctions" before dismissing a case for failure to prosecute. *Shavers*, 516 F. App'x at 571 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). Instead, in circumstances such as these, where a plaintiff ignores orders of the Court and fails to prosecute her case, dismissal is appropriate. *See, e.g.*, *Lee v. Glaxosmithkline, LLC*, No. 2:12-cv-02393-JTF-cgc, 2014 WL 691192, at *2 (W.D. Tenn. Feb. 21, 2014) (finding dismissal under Rule 41(b) appropriate when a plaintiff "failed to comply with several orders of the Court including to respond to an Order to Show Cause"); *Bass v. Leatherwood*, No. 13-cv-2882-JDT-tmp, 2014 WL 1665205, at *2 (W.D. Tenn. Apr. 24, 2014) (finding dismissal under Rule 41(b) appropriate where a plaintiff, inter alia, failed to respond to an order to show cause). Shaw's conduct—or lack thereof—demonstrates that she has no intention of prosecuting this case, and thus the Court recommends dismissal, rather than a lesser sanction. Furthermore, when a plaintiff is indigent and proceeds *in forma pauperis*, as is the case here, "it is likely that a financial sanction would have had no practical deterrent effect." *Shavers*, 516 F. App'x at 571. Simply put, no sanction other than dismissal is appropriate in these circumstances. Thus, the fourth factor weighs in favor of dismissal under Rule 41(b).

Considering the *Carpenter* factors and the entire record in this case, the Court finds that dismissal is warranted, as each of the factors weigh strongly in favor. Shaw's refusal to

prosecute this case, despite being prompted and ordered to do so, renders dismissal the appropriate outcome.

The Court further recommends the dismissal of this case be without prejudice, which "balances the Court's interest in docket management with the public policy interest of deciding cases on their merits." *Muncy*, 110 F. App'x at 556 n.5. Dismissal without prejudice "is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se." *Clayborn v. Lee*, No. 3:22-cv-00458, 2022 WL 17420375, at *4 (M.D. Tenn. Dec. 5, 2022) (citing *Schafer*, 529 F.3d at 737). Nonetheless, "the Sixth Circuit 'recognize[s] that dismissal without prejudice may be as harsh a remedy as dismissal with prejudice where . . . the limitation period ended and Plaintiffs' suit is now time-barred.'" *Northcutt v. Tenn. Dep't of Treasury*, No. 3:21-cv-00823, 2022 WL 1056419, at *2 (M.D. Tenn. Apr. 8, 2022) (quoting *In re Love*, 3 F. App'x 497, 498 (6th Cir. 2001)). As the court in *Northcutt* recognized, however, the result may be harsh, but "the Court lacks other appropriate, less drastic sanctions at this time." 2022 WL 1056419, at *4.

## CONCLUSION

For the reasons set forth above, it is RECOMMENDED that KFC's Motion for Summary Judgment be granted as to its Rule 41(b) arguments and that this case be dismissed without prejudice for failure to prosecute.

Respectfully submitted this 2nd day of September, 2026.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute forfeiture/waiver of objections, exceptions, and further appeal.